IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-35 |
| | ) | (JARVIS/SHIRLEY) |
| MANEUS L. BISHOP, also known as "MAN," | ) | |
| MARCUS JOHNSON, | ) | |
| ANTHONY D. DEAN, also known as "TONY," | ) | |
| and FIDELITY L. MURCHISON, also known | ) | |
| as "DALE," | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on May 26, 2005, for a scheduled pretrial conference and motion hearing. Assistant United States Attorney Michael Winck was present representing the government. Attorney Wayne Stambaugh was present representing Defendant Johnson, Attorney A. Philip Lomonaco represented Defendant Dean, and Attorney Angela Morelock was present representing Defendant Murchison. All three defendants were present as well. Neither Defendant Bishop nor his attorney, Douglas Trant, were present for the hearing, having requested and received permission to miss the hearing because Defendant Bishop has a signed plea agreement.

At the hearing, the Court addressed Defendant Fidelity Murchison's Motion to File Further Motions [Doc. 51]. Attorney Morelock stated that she wished to file a motion to continue

1

on behalf of Defendant Murchison. She stated that she had received recorded conversations as additional discovery that day and estimated that it would take her fifteen hours to review the conversations. She requested that the June 15, 2005 trial be continued an additional thirty days. Attorney Morelock stated that she had discussed Defendant Murchison's speedy trial rights with her and that the defendant was out on bond. She stated that other than the motion to continue, there were no additional motions that she anticipated filing at this time. The Court questioned Defendant Murchison, who stated that she understood her right to a speedy trial and agreed with her attorney's request that the trial be continued for an additional thirty days.

Attorney Lomonaco stated that Defendant Dean joined in the request to continue the trial thirty days. He stated that he had discussed a continuance with Dean and advised him of his speedy trial rights. He said he believed a continuance was in his client's best interest and that his client did not object. The Court questioned Defendant Dean, who stated that he understood his right to a speedy trial and that his attorney was requesting that his trial be continued for thirty days. He said he believed the continuance was in his best interest and that he wanted the Court to grant it despite the fact that he would remain in custody until the new trial date.

Attorney Stambaugh stated that Defendant Johnson was not affected by the request for a continuance because he was scheduled to enter a change of plea on June 2, 2005. The government stated that it did not object to the requested continuance.

Finding that Defendant Murchison has stated good cause for a continuance and that the government does not object to same, the Court **GRANTS in part** Defendant Fidelity Murchison's Motion to File Further Motions [**Doc. 51**] in that the defendant is permitted to make an oral motion to continue the trial. As the defendant has identified no other motions that she would

2

like to file, her motion to file additional motions is **DENIED in all other respects**. If the defendant subsequently learns of other motions that she needs to file, she may move the Court for leave to file those motions and show good cause for filing them outside of the motion-filing deadline.

The Court finds the joint, oral motion to continue the June 15, 2005 trial date to be well taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court observes that defense counsel for Defendant Murchison has just received additional discovery that will take her approximately fifteen hours to review. Moreover, the Court heard five of Murchison's motions and one motion by Dean on May 26, 2005. The defendants will need time to prepare for trial in light of the Court's rulings on these motions, some of which the Court held in abeyance while the parties prepared supplemental briefs or attempted to resolve the issues on their own. See 18 U.S.C. § 3161(a)(1)(F), -(1)(J). The Court finds that the parties need an additional month to complete their trial preparations, even taking into account their exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Thus, Murchison's and Dean's joint, oral motion for a continuance is **GRANTED**, and their trial is reset to **July 18, 2005**. Finally, the Court finds that all the time between the May 26, 2005 hearing and the new trial date of July 18, 2005, is fully excludable time under the Act. See 18 U.S.C. § 3161(h)(1)(F), -(1)(J), -(8)(A)-(B).

With regard to further scheduling, the government requested time to file a supplemental brief on Defendant Murchison's request for particulars on the dates of her alleged involvement in the conspiracy. Attorney Morelock requested a couple of days to reply to the supplemental response. Accordingly, the Court granted the parties an additional week to examine this issue. The government is to file its supplemental brief within five business days of the May 26

3

hearing. The defendant is to file any reply within two business days of her receipt of the supplemental response. The parties are to appear before the undersigned for a pretrial conference on **June 15, 2005, at 1:30 p.m.**

    Accordingly, it is **ORDERED**:

(1) Defendant Fidelity Murchison's Motion to File Further Motions [**Doc. 51**] is **GRANTED in part** to the extent that she is allowed to make an oral motion to continue the trial and is **DENIED** in all other respects;

(2) The defendants' joint, oral motion to continue the trial is **GRANTED**;

(3) The trial is reset to commence on **July 18, 2005**, **at 9:00 a.m.**, before the Honorable James H. Jarvis, United States District Judge;

(4) All time between the **May 26, 2005** hearing date and the new trial date of **July 18, 2005**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The government has five business days from the May 26 hearing to file a response to Defendant Murchison's request for a bill of particulars on the dates of her involvement in the conspiracies alleged in the indictment. Defendant Murchison has two business days following her receipt of the government's response to file a reply; and

(6) The parties are to appear before the undersigned on **June 15, 2005, at 1:30 p.m.**, for a pretrial conference.

**IT IS SO ORDERED.**

                      ENTER:

                        s/ C. Clifford Shirley, Jr.
                      United States Magistrate Judge